Stefon L. Jackson (SBN 327541)
MORGAN & MORGAN LOS ANGELES LLP
633 W. 5th St., Suite 2200,
Los Angeles, CA 90071
Tel: (213) 204-8047
Fax: (213) 757-6160
Email: stefon.jackson@forthepeople.com

Attorney for Plaintiff, AMANDA BATTLE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BATTLE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL ENRIQUE HERMIDA FIGUEROA, an individual; UNITED STATES POSTAL SERVICE; and DOES 1 THROUGH 50, inclusive<br><br>Defendants. | CASE NO.: **2:26-cv-3726**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE - MOTOR VEHICLE**<br>2. **NEGLIGENT ENTRUSTMENT**<br>3. **NEGLIGENT HIRING, SUPERVISION, OR RETENTION**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF AMANDA BATTLE, complaining of Defendants and alleges as follows:

//

//

//

//

//

1

**COMPLAINT FOR DAMAGES**

# I.

## JURISDICTION

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

# II.

## VENUE

2. Venue is proper in the Central District of California. The motor vehicle accident giving rise to this complaint occurred at or near the intersection of Laural Canyon Boulevard and Ventura Boulevard, in Studio City, California, 91604, which is within the present judicial district. Plaintiff also resides within this judicial district.

# III.

## PARTIES

3. Plaintiff AMANDA BATTLE (hereafter "PLAINTIFF") is and at all relevant times was a resident of Los Angeles County, California.

4. At all times relevant herein, the Defendant ANGEL ENRIQUE HERMIDA FIGUEROA, was and is an individual over the age of 18 and a resident of the county of Los Angeles, in the state of California. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant ANGEL ENRIQUE HERMIDA FIGUEROA was an employee and actual, implied, or ostensible agent of Defendant UNITED STATES POSTAL SERVICE. The Defendant UNITED STATES POSTAL SERVICE was and is an agency of THE UNITED STATES OF AMERICA.

**COMPLAINT FOR DAMAGES**

5. The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

6. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

7. Plaintiff is informed and believes, and based upon such information and belief alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate

COMPLAINT FOR DAMAGES

or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents. In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

**IV.**

**FACTS COMMON TO ALL ACTIONS**

8.      On or about August 8, 2025, at approximately 6:30 a.m. Plaintiff AMANDA BATTLE was operating a motor vehicle and driving southbound on Laurel Canyon, in the County of Los Angeles, in the State of California, when she came to a complete stop at a red light at the intersection of Laural Canyon Boulevard and Ventura Boulevard, in Studio City, California, 91604, when suddently and without warning her vehicle was struck from behind by a U.S. Postal Service mail-delivery truck, operated by Defendant ANGEL ENRIQUE

**COMPLAINT FOR DAMAGES**

HERMIDA FIGUEROA, while under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE. On said date, Defendant, ANGEL ENRIQUE HERMIDA FIGUEROA drove negligently, carelessly, and unlawfully operated a commercial van, including but not limited to failing to maintain a proper lookout, failing to stop, and/or violating applicable California Vehicle Code provisions while under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE. As a result, Defendant ANGEL ENRIQUE HERMIDA FIGUEROA's operating DEFENDANT UNITED STATES POSTAL SERVICE'S commercial van which was owned by DEFENDANT UNITED STATES POSTAL SERVICE collided with Plaintiff's vehicle.

8.    On August 29, 2025 the Plaintiff submitted a claim for $10,006,627.19 based on the allegations herein to the United States Postal Service for administrative settlement. To date, The United States Postal Service did not not expressly accept or deny the claim to date. However, Plaintiff brings this action to preserve their rights. Accordingly, Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims. Such claims having been denied, Plaintiff hereby institutes the present lawsuit.

## V.

### FIRST COUNT/CAUSE OF ACTION

### NEGLIGENT OPERATION OF A MOTOR VEHICLE

[Against Defendants UNITED STATES POSTAL SERVICE, ANGEL ENRIQUE HERMIDA FIGUEROA, and Does 1-50]

COMPLAINT FOR DAMAGES

9       Plaintiff incorporates herein by reference paragraphs 1 through 8, above as though fully set forth herein.

10.     On August 8, 2025, a UNITED STATES OF AMERICA POSTAL SERVICE truck was operated by Defendant ANGEL ENRIQUE HERMIDA FIGUEROA, while under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE

11.     The UNITED STATES OF AMERICA, U.S. POSTAL SERVICE employee was driving negligently and carelessly, including but not limited to failing to maintain a proper lookout, failing to stop, and/or violating applicable California Vehicle Code provisions while under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE. As a result, Defendant ANGEL ENRIQUE HERMIDA FIGUEROA's commercial van which was owned by DEFENDANT UNITED STATES POSTAL SERVICE collided with Plaintiff's vehicle.

12.     The UNITED STATES OF AMERICA, U.S. POSTAL SERVICE and its agents and employee acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the U.S. Postal Service Truck as to proximately cause the same to collide against the vehicle in which Plaintiff, AMANDA BATTLE, was then driving, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

13.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions.

6

**COMPLAINT FOR DAMAGES**

14.    Plaintiff is informed and believes, and based upon such information and belief alleges that on the above date and time, Defendants ANGEL ENRIQUE HERMIDA FIGUEROA and DOES 1 to 50, inclusive and each of them, failed to operate their vehicle in a safe or reasonable manner by colliding with Plaintiff's vehicle.

15.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants ANGEL ENRIQUE HERMIDA FIGUEROA, and DOES 1 to 50, inclusive and each of them, failed to properly check for the presence of other vehicles on the roadway and failed to reasonably slow down. Further, Defendants ANGEL ENRIQUE HERMIDA FIGUEROA and DOES 1 to 50, inclusive and each of them, knew or in the exercise of reasonable care, should have known that failing to perform the above-mentioned tasks created an unreasonable risk of injury to the Plaintiff and others similarly situated.

16.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants ANGEL ENRIQUE HERMIDA FIGUEROA and DOES 1 through 50, inclusive and each of them, violated the provisions of California Civil Code § 1714, Vehicle Code § 21804 (a).

17.    Plaintiff is informed and believes, and based upon such information and belief alleges that at all times herein mentioned the Plaintiff was a member of the class of persons designed to be protected by the aforementioned vehicle code sections, that the subject collision was within the class of risks for which the aforementioned vehicle code sections were enacted to protect against, that Defendants ANGEL ENRIQUE HERMIDA FIGUEROA and DOES 1 to 50,

7
COMPLAINT FOR DAMAGES

inclusive and each of them, violation of said vehicle code sections constitutes negligence per se.

18.    At all times mentioned herein, Defendant ANGEL ENRIQUE HERMIDA FIGUEROA was operating a commercial van and an agent and/or under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE.

19.    As a direct, legal, and proximate result of the negligence of Defendants ANGEL ENRIQUE HERMIDA FIGUEROA, UNITED STATES POSTAL SERVICE, Plaintiff suffered severe injuries and damages.

20.    It is further alleged that Defendant ANGEL ENRIQUE HERMIDA FIGUEROA was inappropriately distracted in the moments leading up the subject incident. This conduct constitutes malice - him being inappropriately distracted leading to the incident was despicable and done with a willful and knowing disregard of the safety of another.

## VI.

## SECOND CAUSE OF ACTION

## NEGLIGENT ENTRUSTMENT

[Against Defendant UNITED STATES POSTAL SERVICE and Does 1-50]

21.    Plaintiff realleges and incorporates by reference to the above paragraphs.

22.    Plaintiff is informed and believes and based upon such information and belief alleges that at all relevant times, Defendant UNITED STATES POSTAL SERVICE owned, leased, controlled, maintained, or otherwise had the right to control the commercial van involved in the incident that injured Plaintiff.

8

COMPLAINT FOR DAMAGES

23.     Plaintiff is informed and believes and based upon such information and belief alleges that prior to the incident, UNITED STATES POSTAL SERVICE entrusted, permitted, allowed, or otherwise provided the commercial van to ANGEL ENRIQUE HERMIDA FIGUEROA ., for use in the course of his employment or otherwise.

24.     Plaintiff is informed and believes and based upon such information and belief alleges UNITED STATES POSTAL SERVICE knew, or in the exercise of reasonable care should have known, of Defendant ANGEL ENRIQUE HERMIDA FIGUEROA's incompetence or unfitness prior to entrusting the commercial van to him.

25.     Notwithstanding such actual or constructive knowledge, UNITED STATES POSTAL SERVICE negligently entrusted the commercial van to Defendant ANGEL ENRIQUE HERMIDA FIGUEROA.

26.     Defendant ANGEL ENRIQUE HERMIDA FIGUEROA negligent, reckless, or otherwise wrongful operation or use of the commercial van while under the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE on August 8, 2025, in the County of Los Angeles, caused a collision that resulted in injuries and damages to Plaintiff.

27.     As a direct, legal, and proximate result of the negligent entrustment by UNITED STATES POSTAL SERVICE, Plaintiff suffered severe injuries and damages.

COMPLAINT FOR DAMAGES

## VII.

## THIRD CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION, OR SUPERVISION

*[Against Defendant UNITED STATES POSTAL SERVICE, and Does 1-50]*

ANGEL ENRIQUE HERMIDA FIGUEROA Plaintiff realleges and incorporates by reference the above paragraphs.

28. Plaintiff is informed and believes and based upon such information and belief alleges at all relevant times, UNITED STATES POSTAL SERVICE employed, contracted with, or otherwise engaged Defendant ANGEL ENRIQUE HERMIDA FIGUEROA in the capacity of a driver, and had the right and duty to hire, train, supervise, and, when appropriate, retain or terminate him.

29. UNITED STATES POSTAL SERVICE owed a duty to Plaintiff and the public to use reasonable care in hiring, retaining, training and/or supervising personnel whose job duties included the operation of or control over the commercial truck and performance of safety-sensitive tasks.

30. Plaintiff is informed and believes and based upon such information and belief alleges that UNITED STATES POSTAL SERVICE violated its duty to Plaintiff and the public to use reasonable care in its hiring, retaining, training, and supervising of Defendant ANGEL ENRIQUE HERMIDA FIGUEROA .

31. Plaintiff is informed and believes and based upon such information and belief alleges that while acting within the course and scope of employment or agency for UNITED STATES POSTAL SERVICE, ANGEL ENRIQUE HERMIDA FIGUEROA . negligently or wrongfully caused the incident on August 8, 2025, in the County of Los Angeles, resulting in injury to Plaintiff.

COMPLAINT FOR DAMAGES

32. As a direct, legal, and proximate result of UNITED STATES POSTAL SERVICE'S negligent hiring, retention, or supervision, Plaintiff suffered severe injuries and damages.

33. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants Plaintiff sustained bodily injuries, including injuries to the head, neck, back, and surrounding soft tissues, including but not limited to concussion, cervical strain, thoracic strain, lumbar strain, lumbar radiculopathy, traumatic spondylopathy, and myofascial pain syndrome. As a result of these injuries, Plaintiff has suffered and continues to suffer pain and suffering, mental anguish, inconvenience, medical expenses, and other damages, some of which are permanent or continuing in nature.

34. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

35. By reason of said injuries, Plaintiff has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to his further damage.

36. By reason of said injuries, Plaintiffs were unable to do their usual work for a period of time, have been unable to do a portion of their work since that time, will be partially disabled in the future and have sustained damage to their future earning capacity, all to their damage, according to proof.

**COMPLAINT FOR DAMAGES**

37. By reason of said injuries, Plaintiffs have sustained damage to their future earning capacity, all to their further damage, according to proof.. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiffs' vehicle sustained approximately $6,627.60 dollars in damage.

38. By reason of said collision, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiffs' further damage, according to proof.

## VIII.

### DEMAND FOR TRIAL BY JURY

40. Plaintiff hereby demands a trial by jury as to all issues set forth herein which are so triable.

## IX.

### PRAYER

WHEREFORE, Plaintiff demands the following relief, jointly and severally, against all the Defendants;

a)    For damages for injuries sustained due to the negligence of the UNITED STATES OF AMERICA, U.S. POSTAL SERVCE's agent and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from her injuries in the sum of $10,006,627.60;

b)    Costs of suit necessarily incurred herein; and

c)    Such further relief as the Court deems just or proper.

COMPLAINT FOR DAMAGES

Dated: April 7, 2026          **MORGAN & MORGAN, CALIFORNIA, LLP.**

By: _____

       Stefon Jackson, Esq.
       Attorney for Plaintiff, AMANDA BATTLE

**COMPLAINT FOR DAMAGES**